NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| MYRA J., <br><br>  Plaintiff, <br><br> v. <br><br> COMMISSIONER OF SOCIAL SECURITY, <br><br>  Defendant. | Civil Action No.: 20-06610 <br><br> **OPINION** |

**CECCHI, District Judge.**

I.  **INTRODUCTION**

Before the Court is the appeal of Myra J.[1] ("Plaintiff") seeking review of a final decision by the Commissioner of the Social Security Administration ("Commissioner") denying her application for disability insurance benefits ("DIB") pursuant to Title II of the Social Security Act ("SSA").  ECF No. 1; *see also* ECF No. 14 ("Pl. Br.").  The Commissioner opposed the appeal. ECF No. 15 ("Def. Br.").  This matter is decided without oral argument pursuant to Federal Rule of Civil Procedure 78.  For the reasons set forth below, the decision of the Administrative Law Judge ("ALJ") is affirmed.

II.  **BACKGROUND**

Plaintiff is a 57-year-old female with limited education and no prior work experience.  ECF No. 1.  Plaintiff filed for disability benefits on July 12, 2012, alleging disability beginning on October 1, 2005, due to cardiac and pulmonary issues, asthma, high blood pressure, kidney

---

[1] Pursuant to District of New Jersey standing order 2021-10, "any non-governmental party will be identified and referenced solely by first name and last initial" due to privacy concerns present in social security cases.  D.N.J. Standing Order 2021-10; *see also Bryan S. v. Kijakazi*, No. 20-cv-11145, 2022 WL 2916072, at *1 n.1 (D.N.J. July 25, 2022).

1

problems, and high cholesterol. ECF No. 6 ("Tr.") at 183, 226.

The state agency initially denied Plaintiff's claim, *id.* at 90–94, so she requested a hearing before an ALJ. *Id.* at 67–87. The ALJ held a hearing on December 10, 2014, *id.* at 23–53, and issued a decision on January 29, 2015, finding Plaintiff not disabled. *Id*. at 9–22.

Plaintiff then appealed to the United States District Court for the District of New Jersey. The Honorable Esther Salas presided over the proceedings and ultimately remanded for further consideration of Plaintiff's claim at step three of the sequential evaluation process. *Id.* at 690–700. Specifically, Judge Salas found the ALJ's step three determination deficient because it failed to consider: (1) whether pulmonary function studies conducted by Dr. Sukhjender Goraya support a finding of presumptive disability under the pulmonary listings, and (2) whether Plaintiff's weight loss met a listing either by itself or in combination with Plaintiff's other impairments.[2] *Id.* at 695–99. The Court held that the ALJ should have considered both these factors in determining whether the evidence supported a finding of presumptive disability under the listings of impairments. *Id.*

On remand, the ALJ held another hearing in November 2019, *id.* at 630–60, and once again found Plaintiff not disabled during the period under review. *Id.* at 601–29. The ALJ analyzed Plaintiff's claims pursuant to the five-step sequential evaluation process applicable to adult Social Security disability claims. *Id.* at 605–06.[3] As directed by Judge Salas, the ALJ's decision on remand included discussion of Plaintiff's weight loss and pulmonary function studies, which were not addressed in the initial ALJ decision.

---

[2]  While this claim was pending in the district court, Plaintiff filed a new application and was awarded benefits beginning May 24, 2016. Tr. at 633. Therefore, on remand, the ALJ considered only the period prior to Plaintiff's award of benefits on her subsequent application. *Id.*

[3]  *See infra* Part IV.A for a discussion of each step of the ALJ's sequential evaluation.

### III. LEGAL STANDARD

#### A. Standard of Review

This Court has jurisdiction to review the Commissioner's decision under 42 U.S.C. §§ 405(g), 1383(c)(3). The Court is not "permitted to re-weigh the evidence or impose [its] own factual determinations[,]" but must give deference to the administrative findings. *Chandler v. Comm'r of Soc. Sec.*, 667 F.3d 356, 359 (3d Cir. 2011); *see also* 42 U.S.C. § 405(g). Nevertheless, the Court must "scrutinize the record as a whole to determine whether the conclusions reached are rational" and substantiated by substantial evidence. *Gober v. Matthews*, 574 F.2d 772, 776 (3d Cir. 1978) (citations omitted). Substantial evidence is more than a "mere scintilla" and is defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Chandler*, 667 F.3d at 359 (citations omitted). If the factual record is adequately developed, substantial evidence "may be 'something less than the weight of the evidence, and the possibility of drawing two inconsistent conclusions from the evidence does not prevent an administrative agency's finding from being supported by substantial evidence.'" *Daniels v. Astrue*, No. 08-cv-1676, 2009 WL 1011587, at *2 (M.D. Pa. Apr. 15, 2009) (quoting *Consolo v. Fed. Mar. Comm'n*, 383 U.S. 607, 620 (1966)). In other words, under this deferential standard of review, the Court may not set aside the ALJ's decision "merely because [it] would have come to a different conclusion." *See Cruz v. Comm'r of Soc. Sec.*, 244 F. App'x 475, 479 (3d Cir. 2007).

#### B. Determining Disability

In order to be eligible for benefits under the SSA, a claimant must show she is disabled by demonstrating an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 423(d)(1)(A), 1382(a)(3)(A). Disability is evaluated by considering the claimant's age,

3

education, and work experience, and determining whether the claimant can engage in her previous work or any other form of substantial gainful activity existing in the national economy. 42 U.S.C. §§ 423(d)(2)(A); 1382c(a)(3)(B). In other words, a claimant is disabled for SSA purposes only if her physical or mental impairments are "of such severity that [s]he is not only unable to do [her] previous work, but cannot, considering [her] age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy . . . ." 42 U.S.C. § 1382c(a)(3)(B).

Decisions regarding disability are made individually and are "based on evidence adduced at a hearing." *Sykes v. Apfel*, 228 F.3d 259, 262 (3d Cir. 2000) (citing *Heckler v. Campbell*, 461 U.S. 458, 467 (1983)). Congress has established the type of evidence necessary to prove the existence of a disabling impairment by defining a physical or mental impairment as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3); 1382(a)(3)(D).

### C.   Sequential Evaluation Process for a Continuing Disability

The Social Security Administration follows a five-step, sequential evaluation process to determine whether a claimant is disabled under the SSA. 20 C.F.R. §§ 404.1520, 416.920.

First, the ALJ must determine whether the claimant is currently engaged in substantial gainful activity. *Sykes*, 228 F.3d at 262. Second, if the claimant is not engaged in such activity, the ALJ determines whether the claimant has any impairments severe enough to limit her ability to work. *Id.* Third, if she has any severe impairments, the ALJ considers the medical evidence to determine whether the impairment or combination of impairments is included in 20 C.F.R. § 404, Subpt. P, App. 1 (the "Listings"). *Id* at 262–63. If the claimant's impairment(s) medically equal one of the Listings, this results in a presumption of disability. *Id.* If the impairment is not in the

Listings, the ALJ must determine how much residual functional capacity ("RFC") the applicant retains despite her impairment. *Id.* at 263. Fourth, the ALJ must consider whether the claimant's RFC is enough to perform her past relevant work. *Id.* Fifth, if her RFC is not sufficient to perform past work, the ALJ must determine whether there is other work in the national economy the claimant can perform. *Id.*

The evaluation continues through each step unless it is ascertained at any point that the claimant is or is not disabled. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). The claimant bears the ultimate burden of establishing steps one through four. *Hess v. Comm'r of Soc. Sec.*, 931 F.3d 198, 201 (3d Cir. 2019). The burden shifts to the Commissioner at step five to prove that the claimant can perform a job that exists in the national economy. *Ramirez v. Barnhart*, 372 F.3d 546, 555 (3d Cir. 2004).

## IV.   DISCUSSION

The Court finds that the ALJ's determination that Plaintiff was not disabled during the period under review is supported by the record. In support of this conclusion, the ALJ considered both the Plaintiff's pulmonary function studies and her weight loss. The ALJ's analysis thus complies with the Court's remand order which directed the ALJ to consider two issues at step three of the sequential evaluation: (1) whether pulmonary function studies conducted by Dr. Sukhjender Goraya support a finding of presumptive disability under the pulmonary Listings, and (2) whether Plaintiff's unexplained weight loss met a Listing either alone or in combination with Plaintiff's other impairments. *Id*. at 695–99.

### A.   The ALJ's Decision on Remand

On remand, the ALJ held a hearing in November 2019, *id.* at 630–60, and found Plaintiff not disabled during the period under review. *Id.* at 601–29. The ALJ analyzed Plaintiff's claims pursuant to the five-step sequential evaluation process applicable to adult Social Security disability

5

claims. *Id.* at 605–06. At step one, the ALJ determined that Plaintiff had not engaged in substantial gainful activity since the alleged onset date. *Id.* at 607. At step two, the ALJ found the following impairments "severe" within the meaning of the SSA: disorder of the heart (enlarged heart; history of congestive heart failure); asthma; hypertension; anemia secondary to menorrhagia; COPD; and unexplained weight loss. *Id.*

At step three, the ALJ found that Plaintiff did not meet or medically equal the criteria for presumptive disability under the listed impairments in the regulations. *Id.* at 607–10. The ALJ considered each of Plaintiff's impairments, including Plaintiff's asthma and respiratory disorders, heart disorder, weight loss, anemia, and hematological disorders. *Id.* at 607–08. Specifically, the ALJ carefully considered pulmonary function studies, particularly her $FEV_1$ levels, and found that the results did not meet the requirements of a listing. *Id.* The ALJ also considered Plaintiff's weight loss and found it did not meet the regulatory requirements because there was no evidence Plaintiff had a BMI of less than 17.50 at any time. *Id.* at 609.

Next, the ALJ reviewed the record to determine Plaintiff's RFC. *Id.* at 610–21. The ALJ found Plaintiff capable of light work with the following limitations: Plaintiff could lift and carry twenty pounds occasionally and ten pounds frequently; could stand and walk for six hours in an eight-hour workday; could sit for six hours in an eight-hour workday; could perform unlimited pushing and pulling within the weight restriction given; could not climb ladders, ropes, or scaffolds; and could not work around unprotected heights, hazards, dangerous machinery, temperature extremes, wetness, humidity, and/or undue amounts of dust or known chemical irritants. *Id.* at 610. In making this determination, the ALJ first found that Plaintiff had "medically determinable impairments" that "could reasonably be expected to cause the alleged symptoms[.]" *Id.* at 612. However, the ALJ found that Plaintiff's testimony about the persistence and effects of her symptoms was not wholly consistent with both medical and other evidence in the record. *Id.*

Specifically, the ALJ considered medical treatment notes and reports from 2012–2014 (there are no treatment records from 2015 or 2016). *Id*. at 612–14. Based on "objective medical evidence and the [Plaintiff's] testimony," the ALJ concluded that Plaintiff was not precluded from performing all work activity. *Id*. at 618, 621.

At step four, the ALJ found that Plaintiff had no past relevant work experience. *Id*. at 621. At step five, the ALJ considered Plaintiff's RFC, lack of work experience, age, limited education, and the proffered vocational expert testimony to find that Plaintiff could perform other work that exists in significant numbers in the national economy. *Id*. at 621–22. Accordingly, the ALJ determined Plaintiff was not disabled and denied her claim. *Id*.

    **B.**    **The ALJ's Consideration of the Pulmonary Function Studies**

On remand, as directed by Judge Salas, the ALJ reviewed Plaintiff's pulmonary function studies and the lack of evidence of any hospitalizations within the required 12-month period and reasonably concluded that Plaintiff had failed to satisfy the Listing requirements. *Id.* at 607–08. The ALJ also reasonably determined that the evidence did not "show signs or findings that are the same or equivalent to those of any listed impairment." *Id.* at 607.

Listing 3.02A, which pertains to chronic respiratory disorders, requires an $FEV_1$ value equal to or less than 1.15 liters for Plaintiff's sex, age, and height. 20 C.F.R. § 404, Subpt. P, App. 2, § 3.02A. Listing 3.03 requires (a) an $FEV_1$ equal to or less than 1.55 liters and (b) asthma exacerbations or complications—demonstrated by evidence of three hospitalizations within a 12-month period (lasting at least 48 hours) and at least 30 days apart. *Id.* at § 3.03. In compliance with Judge Salas' remand order, the ALJ considered the $FEV_1$ measurements and the lack of evidence of any hospitalizations for asthma during the relevant period. Tr. at 607–08. The ALJ found that the "record does not show $FEV_1$ values equal to or less than 1.55." *Id.* at 607; *see also id*. at 514, 564 ($FEV_1$ was measured as 1.6 liters by Dr. Goraya, and as 2.23 liters at her consultative examination). The ALJ

7

also found that, regardless of the $FEV_1$ values, the "record does not show the requisite asthma exacerbations or complication . . . which require three hospitalizations within a 12-month period" because "the record does not show any hospitalizations for asthma" during the relevant period. *Id.* at 607. Thus, the ALJ's conclusion that Plaintiff failed to meet relevant listing requirements was supported by "more than a mere scintilla" of evidence. *See Rutherford v. Barnhart*, 399 F.3d 546, 552 (3d Cir. 2005). To hold otherwise would be to re-weigh the evidence that the ALJ considered in making its determination. *See id.* ("In the process of reviewing the record for substantial evidence, we may not 'weigh the evidence or substitute [our own] conclusions for those of the fact-finder.'") (*quoting Williams v. Sullivan*, 970 F.2d 1178, 1182 (3d Cir.1992)).

      C.     **The ALJ's Consideration of Plaintiff's Weight Loss**

The ALJ also complied with Judge Salas's remand order by considering Plaintiff's weight loss and reasonably concluding that it did not meet the requirements of any Listing. Tr. at 609. Specifically, the ALJ considered Listing 5.08, which requires evidence of a digestive disorder despite continuing treatment—demonstrated by a body mass index (BMI) of less than 17.5 calculated on at least two evaluations at least 60 days apart within a consecutive 6-month period. *Id.*; *see also* 20 C.F.R. § 404, Subpt. P, App. 2, § 5.08. But, at its lowest, Plaintiff's BMI was measured at 18.1. *See* Tr. at 560, 609. The ALJ properly considered this evidence and reasonably concluded that Plaintiff did not meet the listing for digestive disorder-related weight loss. *Id.* at 609. Moreover, the ALJ's decision discussed Plaintiff's weight loss at length. *Id.* at 616–18. The ALJ reasonably found that, although Plaintiff's weight gradually decreased over the relevant period, the weight loss was not associated with any gastrointestinal issues, nor was it accompanied by any functional loss. *See id.* Thus, the ALJ's finding that Plaintiff's weight loss did not, either singly or in combination with other impairments, result in disabling functional loss was supported by substantial evidence. *See Zirnsak v. Colvin*, 777 F.3d 607, 615 (3d Cir. 2014).

8

Based on the record, the ALJ concluded that Plaintiff was not precluded from all work activity during the relevant period. Tr. at 620–21 ("While it is reasonable to find that the claimant's alleged impairments would preclude more than the full range of work, the objective evidence does not establish that the claimant would be precluded from all work activity."). The record contains substantial evidence to support the ALJ's determination. *See Rutherford v. Barnhart*, 399 F.3d 546, 552 (3d Cir. 2005).

## V.    CONCLUSION

For the reasons above, the ALJ's decision is affirmed. An appropriate Order will follow.

DATE:  09/12/2024

                                                        */s/ Claire C. Cecchi*
                                                        **CLAIRE C. CECCHI, U.S.D.J.**